others. B. Tolles, for appellants. W. G. Pekcham, for respondent. No opinion. Judgment affirmed.

PORTER, Appellant, v. MURPHY, Respondent. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Peter A. Porter, as receiver, etc., against James E. Murphy, impleaded, etc. No opinion. Order affirmed, with $10 costs and disbursements.

PRINCE et al., Respondents, v. FRAZER et al., Appellants. (Supreme Court, General Term, Third Department. December 28, 1895.) Action by Silas W. Prince and another against Louis Frazer and others. No opinion. Judgment affirmed, with costs.

PRINCE, Respondent, v. GROSSMAN, Appellant. (Common Pleas of New York City and County. Additional General Term. December 16, 1895.) Action by Herman Prince against Charles Grossman. A. H. Sarasohn, for appellant. J. Levy, for respondent. No opinion. Judgment affirmed, with costs.

READ, Appellant, v. SIMON, Respondent. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by John J. P. Read against August Simon. No opinion. Judgment and order affirmed.

ROBINSON, Respondent, v. FERGUSON, Appellant. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Annie Robinson against Alexander Ferguson. No opinion. Judgment affirmed, without costs.

In re ROGERS' ESTATE. (Supreme Court, General Term, Fifth Department. December 28, 1895.) In the matter of the estate of Lucinda Rogers, deceased, and William Rogers, deceased. No opinion. Decree affirmed and proceedings remitted to the surrogate's court of Wayne county, with costs payable out of the estate of Lucinda Rogers, deceased.

ROOS, Respondent, v. LAIRD, Appellant. (Superior Court of Buffalo, General Term. July, 1895.) Action by Edward H. Roos against Samuel E. Laird. No opinion. Judgment and order appealed from affirmed, with costs. TITUS, C. J., does not sit in this case.

ROSE et al., Respondents, v. REYNOLDS, Appellant. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by D. F. Rose and another against Thomas J. Reynolds. No opinion. Judgment of Monroe county court affirmed, with costs.

RUTHERFORD, Appellant, v. TOWN OF MADRID, Respondent. (Supreme Court, General Term, Third Department. December 3, 1895.) Action by Annie Rutherford, administratrix, against town of Madrid. No opinion. Judgment affirmed, with costs.

RYAN v. PISTONE. (Supreme Court, General Term, Second Department. December 27, 1895.) Action by James H. Ryan against Francis Pistone. No opinion. Motion to amend order of reversal granted, and leave granted to appeal to the court of appeals. See 35 N. Y. Supp. 81.

ST. JOHN et al., Respondents, v. COLVIN, Appellant. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Charles R. St. John and another against Oliver A. Colvin. No opinion. Judgment affirmed.

SAUER et al., Respondents, v. ANGLE LAMP CO., Appellant. (Common Pleas of New York City and County, Additional General Term. December 27, 1895.) Action by William Sauer and another against the Angle Lamp Company. Greene & Johnson, for appellants. Cromwell G. Macy, for respondents.

PER CURIAM. This action was brought to recover for work, labor, and services in making a mold for a glass lamp for the defendant. According to plaintiffs' testimony they first wished a wooden mold for the lamp, of which the defendant furnished a sketch, which upon trial proved successful; but the defendant desired some change made in the form of the lamp, whereupon the plaintiffs endeavored to make an iron mold, which would produce the required form, but, after several attempts, failed to produce one which would work successfully. The defendant contends that the plaintiffs undertook to produce the required mold which could be used in the business, and, as they did not, they should receive no compensation for their work. The plaintiffs, on the other hand, contend that all that they did was under the direction and supervision of the officers of the defendant company; that they did make a wooden mold which produced a lamp according to the sketch, and that the iron mold did not work satisfactorily because of the changes made under defendant's direction. The justice allowed the plaintiffs' claim so far as the original work was concerned, but refused to allow for the alterations, presumably upon the ground that they would produce a mold embodying the changes proposed by defendant, and would work successfully; and we think the evidence justified him in reaching both of these conclusions, and that the judgment should be affirmed, with costs to respondent.